## UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JESSICA BALLIET,           :    Civil No. 1:19-CV-00763

                   :

        Plaintiff      :

                   :

     v.              :

                   :    (Chief Magistrate Judge Schwab)

ANDREW M. SAUL,       :

Commissioner of Social Security,  :

                   :

       Defendant   :

## ORDER
April  6, 2020

This is a social security action brought under 42 U.S.C. § 405(g).  The plaintiff Jessica Balliet seeks judicial review of the final decision of the Commissioner of Social Security ("Commissioner") denying her claim for disability insurance benefits under Title II of the Social Security Act.  Ms. Balliet claims that the Administrative Law Judge ("ALJ") that decided her case was not properly appointed under the Appointments Clause of the United States Constitution. U.S. CONST. art. II, § 2, cl. 2.  She seeks remand to a different, properly appointed ALJ for a new hearing. *See doc. 12* at 7.

"The Appointments Clause of the Constitution lays out the permissible methods of appointing 'Officers of the United States,' a class of government officials distinct from mere employees." *Lucia v. S.E.C.*, 138 S. Ct. 2044, 2049

(2018).  Under the Appointments Clause, "[o]nly the President, a court of law, or a head of [a] department can" appoint an officer of the United States. *Id*. at 2051.  Non-officer employees, on the other hand, need not be so appointed. *Id*.  In *Lucia*, the Supreme Court held that ALJs with the Security and Exchange Commission qualify as officers under the Appointments Clause. *Id*. at 2049.  In *Lucia*, it was not in dispute that the ALJ there was not appointed in accordance with the Appointments Clause. *Id*. at 2051.  Thus, after ruling that the ALJ was an officer under the Appointments Clause, the Supreme Court considered the proper remedy in that case—remand for a new hearing before a different ALJ. *Id*. at 2055.  In the course of that discussion, the Supreme Court stated that it "has held that 'one who makes a timely challenge to the constitutional validity of the appointment of an officer who adjudicates his case' is entitled to relief." *Id*. (quoting *Ryder v. United States*, 515 U.S. 177, 182 (1995)).  And it concluded that "Lucia made just such a timely challenge: He contested the validity of [the ALJ]'s appointment before the Commission, and continued pressing that claim in the Court of Appeals and this Court." *Id*.

Relying on *Lucia*, Ms. Balliet contends that ALJ that decided her case was an officer under the Appointments Clause, but he was not appointed in accordance with that clause. *See doc. 12* at 2–7.  The Commissioner does not dispute that ALJs

with the Social Security Administration qualify as officers under the Appointments

Clause. *See doc. 13* at 7 n.5. But the Commissioner contends that Ms. Balliet

forfeited her Appointments Clause claim by failing to raise it at the administrative

level. *Id.* at 6–21.

Recently, the United States Court of Appeals for the Third Circuit held that

Social Security "claimants may raise Appointments Clause challenges in federal

court without having exhausted those claims before the agency." *Cirko v. Comm',r

of Soc. Sec.*, 948 F.3d 148, 153 (3d Cir. 2020).[1] In accordance with *Cirko*, we will

vacate the decision of the Commissioner here and remand this case for a rehearing

before a different, constitutionally appointed ALJ.

Based on the foregoing, **IT IS ORDERED** that the stay previously entered

in this case is **LIFTED**. **IT IS FURTHER ORDERED** that the decision of the

Commissioner is **VACATED**, and this matter is **REMANDED** to the

Commissioner for rehearing before a different, constitutionally appointed ALJ.

---

[1] The decision in *Cirko* addressed the claims of two separate claimants—Cirko and Bizarre. *Id.* at 152. The Commissioner appealed the district court's opinions as to both Cirko and Bizarre to the Third Circuit, and the Third Circuit consolidated those appeals. *See Cirko v. Commissioner,* No. 19-1772 (3d Cir. May 15, 2019); *Bizarre v. Commissioner*, No. 19-1773 (3d Cir. May 15, 2019). After issuing its decision as to the consolidated appeals and after denying the Commissioner's motion for rehearing and rehearing in banc, the Third Circuit issued its mandate in both Cirko's case and Bizarre's case on April 3, 2020. *See Cirko,* No. 19-1772 (3d Cir. Apr. 3, 2020); *Bizarre*, No. 19-1773 (3d Cir. Apr. 3, 2020).

After entering judgment in favor of Ms. Balliet and against the Commissioner as

set forth in the prior sentence, the Clerk of Court shall close this case.


*S/Susan E. Schwab*
Susan E. Schwab
Chief United States Magistrate Judge